```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


UNITED STATES OF AMERICA,      )
                               )
                               )
                               )
          v.                   )    1:09cr549 (JCC/JFA)
                               )    1:12cv788 (JCC)
JOSE MARCIAL RAMOS-HERNANDEZ,  )
                               )
     Petitioner.               )
                               )
                               )
```

**A M E N D E D   M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "Motion"). [Dkt. 89.] For the following reasons, the Court will deny Petitioner's Motion.

### I. Background

#### A. Factual Background

After a federal grand jury returned a four-count indictment charging Petitioner with (1) one count of conspiracy to distribute 500 grams or more of cocaine and (2) three counts of distribution of cocaine, Petitioner pled not guilty and consented to a bench trial which this Court held on March 30, 2010. The evidence at trial showed that Petitioner was the sole source of supply for the government's main witness, Santos Rene

1

Alfaro Rubio, that Rubio had sold cocaine from Petitioner to an undercover law enforcement officer on March 31 (one ounce), April 9 (one ounce), and May 26, 2009 (four ounces), and that Rubio also had attempted to sell 16 ounces of cocaine from Petitioner to that officer on May 19, 2009 but that the officer cancelled that sale for logistical reasons.

At trial, Petitioner testified on his own behalf but the Court explicitly found him to be not credible. The Court found him guilty on all four counts.

On June 18, 2010, the Government filed its Position on Sentencing. [Dkt. 62.] On June 21, 2010, Petitioner filed his Position on Sentencing through his trial counsel, Jack McGann. [Dkt. 63.] On June 25, 2010, the Court held a sentencing hearing. At that hearing, Petitioner objected to the amount of drugs listed in the presentence report. Upon Petitioner's motion, during that hearing the Court also relieved McGann as retained counsel and ordered the appointment of new counsel. [Dkt. 65-66.] On August 5, 2010, Petitioner's new counsel, William Cummings, filed a second Position on Sentencing [Dkt. 69], and the Government filed an Amended Position on Sentencing [Dkt. 70]. On August 6, 2010, the Court held a sentencing hearing, found Petitioner responsible for a total of 730.04 grams of cocaine rather than the 3.9123 kilograms calculated by the probation officer, and adjusted the Sentencing Guidelines

calculations accordingly.  [Dkt. 71.]  The Court imposed 120 months for each count, with all sentences running concurrently.  [*Id.*]

On August 6, 2010, Petitioner filed a Notice of Appeal.  [Dkt. 75.]  Petitioner raised two arguments on appeal: (1) that the evidence was insufficient to support his conviction for the March 31 sale of one ounce of cocaine, and (2) that this Court had arrived at a clearly erroneous drug amount because (a) this Court included both the 16 ounces from the May 19 aborted sale and the 4 ounces from the May 26 replacement sale and (b) the drug amounts found by this Court added up to 623 grams instead of the 730 grams cited.  The Fourth Circuit affirmed this Court's judgment, finding that (1) Petitioner's sufficiency challenge was without merit because it essentially was an inappropriate credibility challenge; (2) that this Court did not commit clear error by including in its calculations both the 16 ounces from the aborted sale and 4 ounces from the replacement sale; and (3) that although the proper total amount calculated given this Court's findings should have been 623 grams rather than the 730 grams cited, this mathematical error was harmless.  *United States v. Ramos-Hernandez*, 429 Fed. App'x. 292, 295-96 (4th Cir. 2011); [Dkt. 85-86.]

    B.   <u>Procedural Background</u>

On July 13, 2012, Petitioner timely filed a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "Motion") and an accompanying memorandum. [Dkts. 89-90.] On August 13, 2012, the Government filed its opposition brief [Dkt. 93], and on September 24, 2012, Petitioner filed his reply brief [Dkt. 96].

## II. Standard of Review

Under 28 U.S.C. § 2255, a prisoner in federal custody may collaterally attack his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *See Hill v. United States*, 368 U.S. 424, 426–27 (1962). To prevail on a § 2255 Motion, the petitioner bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## III. Analysis

Petitioner raises three arguments in his Motion: (1) that the Court's application of the Sentencing Guidelines in his case violated the Ex Post Facto Clause; (2) that his attorneys provided ineffective assistance of counsel regarding the Court's calculation of the drug amount and regarding his obstruction of

justice sentencing enhancement; and (3) that the Court misapplied the Sentencing Guidelines in calculating the amount of cocaine for which the conspiracy was responsible by including the 16 ounces of cocaine from the aborted May 19 transaction. The Court will address each in turn.

    A.    Ex Post Facto Clause

Petitioner asserts that by using Comment 12 under § 2D1.1 of the Sentencing Guidelines, which was promulgated by the U.S. Sentencing Commission fifteen years before Petitioner committed the offenses at issue, this Court violated the Ex Post Facto Clause of the Constitution. Under that clause, however, a claim only exists when a change in the law is retrospective, a situation which is inapplicable here. *See Weaver v. Graham*, 450 U.S. 24, 28-29 (1981). As a result, Petitioner fails to state a claim under the Ex Post Facto Clause.

    B.    Ineffective Assistance of Counsel

Petitioner also argues that his sentence is otherwise subject to collateral attack because his counsel was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). Though Petitioner did not raise an ineffective assistance of counsel claim on appeal, such claims may be the subject of a proper § 2255 petition despite a failure to seek direct review. *See United States v. DeFusco*, 949 F.2d 114, 120-21 (4th Cir. 1991).

Under *Strickland v. Washington*, counsel's representation is ineffective where it falls "below an objective standard of reasonableness," creating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. To succeed on a claim of ineffective assistance of counsel, a petitioner must show that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance," *id*. at 690 (defining ineffective assistance of counsel as falling below an objective standard of reasonableness and applying a strong presumption of competence and deference to attorney judgment); and that (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." *Spencer v. Murray*, 18 F.3d 229, 232–33 (4th Cir. 1994). If the petitioner fails to meet either requirement, his claim for ineffective assistance of counsel fails. *Strickland*, 466 U.S. at 700.

With respect to the first prong of the *Strickland* test, the performance prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S.

6

at 689. The Supreme Court has elaborated on the deference due to counsel's performance, explaining that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* (quotation marks and internal citations omitted).

With respect to the second prong, the prejudice prong, "a reasonable probability [of prejudice] is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Finally, under either prong, this Court evaluates "the reasonableness of counsel's performance . . . from counsel's perspective at the time of the alleged error and in light of all the circumstances . . . ." *Hooper*, 845 F.2d at 476 (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)).

### 1. Jack McGann

Petitioner claims that his first attorney, Jack McGann, provided ineffective assistance because he failed to argue properly that the Court should apply in this case the third paragraph of Comment 12 to § 2D1.1 of the Sentencing

Guidelines, which allows a court to consider the actual amount of cocaine *delivered* pursuant to an agreement to sell if the sale is completed and the delivered amount more accurately reflects the scale of the offense. U.S.S.G. § 2D1.1, cmt. 12 (2010).

The Court finds that Petitioner's claim on this issue regarding McGann fails because it does not meet the prejudice requirement. In this case, although McGann filed a position paper on sentencing on behalf of Petitioner, this Court excused McGann from representation more than a month before Petitioner's sentencing. [Dkt. 65.] Moreover, Petitioner's second attorney Williams Cummings filed his own position paper, which superseded McGann's paper, prior to Petitioner's sentencing and argued on Petitioner's behalf at that sentencing. [Dkt. 69, 71.] As a result, Petitioner cannot show any prejudice by McGann because Cummings' representation cured any alleged deficiencies in McGann's prior representation at sentencing. Petitioner's ineffective assistance of counsel claim against McGann therefore fails.

    2.   <u>William Cummings</u>

Petitioner also claims that his second attorney, William Cummings, provided ineffective assistance because he failed to argue properly that the Court should apply in this

case the third paragraph of Comment 12 to § 2D1.1 of the Sentencing Guidelines. (Pet. Mem. [Dkt. 90] at 2, 6.)

The Court finds that Petitioner's argument does not meet the performance or prejudice requirement. In his declaration, Cummings affirms that during his preparation of the position paper on sentencing, he specifically considered the third paragraph of Comment 12 and concluded that it did not apply to Petitioner's case. (Cummings Decl., Ex. A to Gov't Opp. [Dkt. 93-1] at ¶ 7.) This supports a finding that his performance was objectively reasonable. In addition, the Court finds that this conclusion was correct: the third paragraph of Comment 12 does not apply to Petitioner's case. Instead, the second paragraph of Comment 12 applies. The second paragraph instructs that "[i]f the offense involved both a substantive drug offense and an attempt or conspiracy . . . the total quantity involved shall be aggregated to determine the scale of the offense." U.S.S.G. § 2D1.1, cmt. 12 (2010). Since this case involved both several completed distributions of cocaine and a conspiracy to distribute cocaine, the second paragraph of Comment 12 applies. *See also Ramos-Hernadez*, 429 Fed. App'x at 296 (concluding that "the district court did not commit clear error by holding Ramos-Hernandez responsible for both the sixteen ounces from the aborted May 19 sale and the four ounces from the completed May 26 sale"). As a result, Cummings was

9

correct to conclude that this paragraph applied in Petitioner's case instead of the third paragraph of the comment. His failure to raise a non-meritorious issue, therefore, does not constitute ineffective assistance of counsel.

As a result, Petitioner's ineffective assistance of counsel claim must be denied.

        C.    <u>Misapplication of Sentencing Guidelines in Calculating Amount of Cocaine For Which the Conspiracy Was Responsible</u>

Finally, Petitioner asserts that this Court misapplied the Sentencing Guidelines in calculating the amount of cocaine for which the conspiracy was responsible by including in that calculation the sixteen ounces involved in the aborted transaction instead of only the six ounces of cocaine involved in the completed transactions. In support, Petitioner claims that the third paragraph of Comment 12 to § 2D1.1 of the Sentencing Guidelines applies to his case, and thus the Court should have considered the amount of cocaine actually delivered pursuant to an agreement to sell and not the amounts involved in the aborted transaction.

The Court concludes that Petitioner's argument on this issue fails. To begin, as analyzed above, the Court properly applied the proper method of calculating the base offense level by aggregating the drug amounts pursuant to the guidance provided by the second paragraph of Comment 12, instead of

applying the third paragraph of that comment. In addition, Petitioner's argument does not provide a proper basis for a collateral attack under § 2255. "[N]on-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" *United States v. Mikalakunas*, 186 F.3d 490, 495-96 (4th Cir. 1999) (citations and quotation marks omitted). The Fourth Circuit has held that a misapplication of the sentencing guidelines typically does not constitute a miscarriage of justice. *Id.* at 496. Any potential error here, even if there was one, does not meet such a stringent standard.

### IV. Conclusion

For the foregoing reasons, the Court will deny Petitioner's Motion.

An appropriate Order will issue.

|  | /s/ |
|---|---|
| January 30, 2013 | James C. Cacheris |
| Alexandria, Virginia | UNITED STATES DISTRICT COURT JUDGE |